UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Joseph A. Dickson, U.S.M.J. |
| v. | : | Mag. No. 19-6677 |
| VEDAT OBUZ | : | **CRIMINAL COMPLAINT** |

I, Robert A. Basile, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the United States Department of Health and Human Services–Office of the Inspector General, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

Continued on the attached page and made a part hereof:

_____
Special Agent Robert A. Basile
U.S. Department of Health and Human
Services–Office of the Inspector General

Sworn to before me and subscribed in my presence,
May 28, 2019 in Newark, New Jersey

HONORABLE JOSEPH A. DICKSON            _____
UNITED STATES MAGISTRATE JUDGE          Signature of Judicial Officer

## ATTACHMENT A

From in and around July 2014 through in and around October 2018, in Mercer County, in the District of New Jersey and elsewhere, defendant

### VEDAT OBUZ,

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud a health care benefit program, namely Medicare and Medicaid, and to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody or control of, such health care benefit programs in connection with the delivery of and payment for health care benefits, items, and services.

In violation of Title 18, United States Code, Sections 1347 and 2.

## ATTACHMENT B

I, Robert A. Basile, am a Special Agent with the Department of Health and Human Services – Office of the Inspector General. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this Complaint is being submitted for the sole purpose of establishing probable cause to support the issuance of a complaint, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

## Background and Definitions

1. At all times relevant to this complaint:

   a. VEDAT OBUZ ("OBUZ") is a physician licensed to practice medicine in New Jersey. Defendant OBUZ is the owner, operator, and a treating physician at Lotus Clinics, P.C. a/k/a Lotus Medical Center a/k/a Lotus Medical Care, a medical practice located in or around Trenton, New Jersey, and Lotus Family Medicine, a medical practice located in or around Delran, New Jersey.

   b. Medicare is a federal program established by the Social Security Act of 1965 to assist qualified aged, blind and disabled individuals in paying for the cost of health care. The Medicare program works by reimbursing health care providers and suppliers for the costs of health care services and items at fixed rates. The Medicare program provides reimbursement only for those health care services and items that are: (i) medically necessary, (ii) ordered by a physician, and (iii) actually provided as billed.

   c. Medicaid is a program jointly funded by the federal government and individual states to assist low-income persons and other qualified persons in paying for the costs of health care. The Medicaid program works by reimbursing hospitals, physicians and other health care suppliers, such as pharmacies, for providing health care services and items to qualified individuals at fixed rates in a manner similar to the Medicare program.

   d. In order to submit a claim to Medicare or Medicaid for the dispensation of claims, a health care professional must submit its claim using specific medical codes to the healthcare benefit program. Medicare and Medicaid rules require that the health care professionals who provide treatment to a patient must be identified in the claim using a unique National Provider Identifier ("NPI") number. For certain claims involving more complicated medical conditions, Medicare and Medicaid will reimburse the

claim only if the healthcare professional who submitted the claim using his/her NPI number also performed a face-to-face or in-person examination of the patient.

### Scheme to Defraud Medicare and Medicaid

2.  Between in or about July 2014 and in or about October 2018, Defendant OBUZ traveled outside of New Jersey, both domestically and internationally, on approximately 26 occasions. Thus, for these approximately 26 periods of time, Defendant OBUZ was not present at his medical practice.

3.  According to a review of Defendant OBUZ's Medicare and Medicaid billing histories, during the time periods when he was traveling and was not present at his medical practice, Defendant OBUZ billed Medicaid for approximately $358,778.65 and Medicare for approximately $57,395.83. The medical codes used in the billings indicated that (a) Defendant OBUZ was the treating physician, and (b) the services billed for required him to be physically present to see the patients.

4.  For example, between on or about November 1 and November 6, 2017, travel records show that Defendant OBUZ traveled internationally to Tel Aviv, Israel. Thus, Defendant OBUZ could not have been in his office on November 2, 3, and 4, 2017. Nonetheless, on those same days, Defendant OBUZ billed Medicare and Medicaid for services apparently rendered to his patients. Specifically:

    a.  On or about November 2, 2017, Defendant OBUZ billed Medicaid for approximately sixteen patient encounters using codes that require an in-person consultation with a patient. Defendant OBUZ billed Medicare for approximately four patient encounters using codes that require an in-person consultation with a patient.

    b.  On or about November 3, 2017, Defendant OBUZ billed Medicaid for approximately three patient encounters using codes that require an in-person consultation with a patient. Defendant OBUZ billed Medicare for approximately one patient encounter using codes that require an in-person consultation with a patient.

    c.  On November 4, 2017, Defendant OBUZ billed Medicaid for approximately seven patient encounters using codes that require an in-person consultation with a patient. Defendant OBUZ did not bill Medicare patient encounters this day.

During this one trip to Israel, Defendant OBUZ fraudulently billed Medicare and Medicaid for approximately $4,660.00 in medical services he could not have personally rendered.

     5.    Similarly, between on or about April 18 and April 22, 2018, travel records show that Defendant OBUZ traveled internationally to Istanbul, Turkey. Thus, Defendant OBUZ could not have been in his office on April 19, 20, or 21, 2018. Nonetheless, on those same days, Defendant OBUZ billed Medicare and Medicaid for services apparently rendered to his patients. Specifically:

         a.    On or about April 19, 2018, Defendant OBUZ billed Medicaid for approximately fourteen patient encounters using codes that require an in-person consultation with a patient. Defendant OBUZ billed Medicare for approximately seventeen patient encounters using codes that require an in-person consultation with a patient.

         b.    On or about April 20, 2018, Defendant OBUZ billed Medicaid for approximately ten patient encounters using codes that require an in-person consultation with a patient. Defendant OBUZ billed Medicare for approximately eleven patient encounters using codes that require an in-person consultation with a patient.

         c.    On April 21, 2018, while still in Turkey, Defendant OBUZ billed Medicaid for approximately sixteen patient encounters using codes that require an in-person consultation with a patient. Defendant OBUZ billed Medicare for approximately one patient encounter using codes that require an in-person consultation with a patient.

During this one trip to Turkey, Defendant OBUZ fraudulently billed Medicare and Medicaid for approximately $7,770.00 in medical services he could not have personally rendered.

     6.    A nurse practitioner and a medical assistant who were formerly employed by Defendant OBUZ each independently stated that Defendant OBUZ signed off on progress notes for patient encounters that occurred while he was traveling and was away from his medical practice despite never having seen those patients.